IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

David Banks, :

    Plaintiff, :

  v. : Case No. 2:05-cv-0713

Mrs. Rees, (Medical Director), : JUDGE MARBLEY
et al.,
                                               :

    Defendants.

### REPORT AND RECOMMENDATION

This matter is before the Court on plaintiff David Banks' motion for default judgment and the defendants' first motion to dismiss. The named defendants in this case are Lucinda Rees, James McWeeney, Judith Royer, Mrs. Workman, Mrs. Knox, and Mr. Coval. For the following reasons, it is recommended that Mr. Banks' motion for default judgment be denied and the defendants' first motion to dismiss be granted.

I.

In Mr. Banks' motion for default judgment, Mr. Banks claims that the defendants failed to answer his complaint within twenty days as required by the Federal Rules of Civil Procedure. Mr. Banks, a *pro se* plaintiff, filed a motion to proceed *in forma pauperis* and a complaint on July 25, 2005. This Court granted the *in forma pauperis* motion that same day and directed the United States Marshal to serve the defendants a summons, a copy of the complaint, and a copy of the order granting *in forma pauperis* status. Additionally, this Court stated in the Order that "[e]ach defendant is ORDERED to answer or otherwise respond to the complaint within forty-five (45) days after being served with a copy of the complaint and summons." Order Granting *In Forma Pauperis* Status (doc. #2) at p. 2-3.

The record indicates that the defendants were served with a summons and a copy of the complaint by the United States Marshals on August 18, 2005.  Subsequently, the defendants filed their answer on September 30, 2005, which is within the forty-five day time limit.  Accordingly, this Court recommends that Mr. Banks' motion for default judgment be denied because the defendants filed their answer within the prescribed time frame.

II.

In the defendants' first motion to dismiss, the defendants assert the defense of insufficiency of service of process pursuant to Fed.R.Civ.P. 12(b)(5).  Specifically, the defendants claim that Ms. Rees and Ms. Royer did not receive proper service of process under Fed.R.Civ.P. 4(e).  According to the defendants, Ms. Rees and Ms. Royer resigned from their positions at the Madison Correctional Institution on December 24, 2004 and June 30, 2005, respectively.  Therefore, the defendants argue that when service of process was made to all defendants at the Madison Correctional Institution on August 18, 2005, service was not proper because Ms. Rees and Ms. Royer were no longer employed there.  This Court notes that Mr. Banks agrees that Ms. Royer and Ms. Rees were not properly served.

Under Fed.R.Civ.P. 4(e), service may be executed (1) pursuant to Ohio law or (2) by delivering a copy of the summons and complaint to "the individual personally or by leaving copies...at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent...."  Fed.R.Civ.P. 4(e).  First, this Court concludes that service was not proper under Fed.R.Civ.P. 4(e)(2) because Ms. Rees and Ms. Royer were not personally served; nor was service made to an agent or at the dwelling house of Ms. Royer and Ms. Rees.  Second, this Court concludes that

2

service of process on Ms. Rees and Ms. Royer was not proper under Ohio law.

In Ohio, service of process is a matter subject to the sound discretion of the trial court. Bell v. Midwestern Educational Service, Inc., 89 Ohio App.3d 193, 203 (2d Dist. 1993). When serving a defendant at the defendant's place of business, Ohio courts have held that a factual finding of "physical presence" at the business is necessary to make service proper. Id. at 202; see also Rite Rug Co., Inc. v. Wilson, 106 Ohio App.3d 59, 63 (10th Dist. 1995)(quoting id.) The Bell court stated:

> [t]he key principle is that in order to justify service on a defendant at a business address, the party being served must have such a habitual, continuous or highly continual and repeated physical presence at the business address that the party ordering the service of process would have reasonable grounds to calculate that the service would promptly reach the party being served. The business address should not simply be the address of the party's business, it should be the address where the party himself has his own office, or at least where he is continually and regularly physically present most of the time.

Bell, 106 Ohio App. at 202 (citing Akron-Canton Regional Airport Auth. v. Swinehart, 62 Ohio St.2d 403 (1980)).

In the instant case, it appears that Ms. Rees and Ms. Royer no longer worked at Madison Correctional Institution when service was effectuated on August 18, 2005. Accordingly, because Ms. Rees and Ms. Royer no longer worked there, this Court cannot conclude that Ms. Rees' and Ms. Royer's presence at Madison Correctional Institution was habitual, continuous or highly continual so that Mr. Banks would have reasonable grounds to calculate service would be proper there. However, rather than dismiss those defendants, this Court recommends that Mr. Banks be

3

given 60 days within which to provide the Marshal with sufficient information to perfect service on those two defendants, and that such service be perfected within 90 days. If that does not occur, the defendants may renew their motion to dismiss.

### III.

In sum, it is RECOMMENDED that Mr. Banks' motion for default judgment (doc. #6) be DENIED. Further, it is RECOMMENDED that the defendants' first motion to dismiss (doc.#8) be DENIED WITHOUT PREJUDICE and that plaintiff be given 60 days within which to provide the Marshal with addresses at which service can be made on defendants Ms. Rees and Ms. Royer.

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a _de novo_ determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation _de novo_, and also operate as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See _Thomas v. Arn_, 474 U.S. 140 (1985); _United States v. Walters_, 638 f.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge

4