IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

David Banks,                          :

    Plaintiff,                    :

  v.                                  :     Case No. 2:05-cv-0713

Mrs. Rees, et al.,                    :     JUDGE MARBLEY

    Defendants.                   :

ORDER

    This matter is now before the Court on Report and Recommendation issued by the Magistrate Judge on May 28, 2008 (#78). The Magistrate Judge recommended that the defendants' motion for summary judgment be granted with respect to Mr. Banks' Eighth Amendment claim (count one) and that Mr. Banks' state-law claim (count two) be dismissed without prejudice. On June 6, 2008, Mr. Banks filed an objection (#79) to the portion of the Report and Recommendation which recommended that summary judgment should be granted in favor of the defendants on the Eighth Amendment claim.

    When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed.R.Civ.P. 72(b). After review, the district judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id., see also 28 U.S.C. §636(b)(2)(B).

    Mr. Banks asks that the Report and Recommended be reversed or modified because the Magistrate Judge purportedly relied upon

the perjured testimony of Karen Stanforth, the current healthcare administrator at Madison Correctional Institute, that he had been receiving pain medications prior to his slip and fall on May 9, 2003. Mr. Banks attaches an interoffice communication from the previous healthcare administrator which he says clearly shows that his pain medication had been terminated as of February 26, 2002.

Mr. Banks' claim that Ms. Stanforth perjured herself apparently arises from his belief that Extra Strength Tylenol and motrin are not pain medications. This is confirmed by his later statement in the objection that "he was begging for medical treatment, not for Tylenol or motrin." Because Ms. Stanforth's affidavit clearly establishes that these over-the-counter medications were administered to Mr. Banks for pain relief at increased levels in the months following his slip and fall, his contention that he did not receive medical treatment is without merit. Ms. Stanforth's affidavit further demonstrates that, in addition to Extra Strength Tylenol and motrin, Mr. Banks was prescribed muscle relaxants and underwent an electromyogram and a magnetic resonance image in 2003. Between 2004 and the first half of 2005, Mr. Banks had numerous orthopedic consults, several rounds of physical therapy, and other diagnostic testing. The fact that the aforementioned treatment occurred prior to the date of filing of the present lawsuit belies his claim that he received no medical treatment before bringing this action.

Upon de novo review, the Court agrees with the Magistrate Judge that no reasonable trier of fact could conclude that the defendants were deliberately indifferent to Mr. Banks' medical needs under the standards set forth in Estelle v. Gamble, 429 U.S. 97 (1976), and its progeny. Accordingly, the Court overrules Mr. Banks' objection (#79). Mr. Banks did not specifically object to the dismissal of his state-law claim, and de novo review is

thus not required. The Court, nevertheless, concurs with the Magistrate Judge's recommended disposition. It is, therefore, ordered that the Report and Recommendation (#78) is adopted in its entirety, that the defendants' motion for summary judgment (#66) is granted with respect to Mr. Banks' Eighth Amendment claim, and that Mr. Banks' state-law claim is dismissed without prejudice. The Clerk is instructed to terminate this case.

    s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge